NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

APR 15 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JOSE ANGEL MANCIA,

Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

No.    18-73092

Agency No. A094-825-578

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 13, 2021[**]
San Francisco, California

Before:   THOMAS, Chief Judge, and R. NELSON and HUNSAKER, Circuit Judges.

Jose Mancia, a native and citizen of El Salvador, seeks review of the Board of Immigration Appeals' (BIA) decision dismissing his appeal of the Immigration Judge's (IJ) denial of his applications for asylum, withholding of removal, and relief

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252(a). We deny the petition because Mancia waived review of the agency's decision by not challenging its dispositive grounds for denying his applications for relief.

1.     Mancia waived any challenge to the agency's denial of asylum. The agency denied Mancia's asylum application as untimely filed. *See* 8 U.S.C. § 1158(a)(2)(B) (establishing a mandatory one-year filing requirement for asylum claims). In his briefing, Mancia argues only that he proved persecution based on harm suffered by his family members. Because Mancia did not challenge the agency's dispositive determination that his petition was untimely, his appeal of the agency's asylum decision fails. *Sinha v. Holder*, 564 F.3d 1015, 1018 n.2 (9th Cir. 2009).

2.     Mancia also waived any challenge to the agency's denial of withholding of removal. Although Mancia challenged the IJ's conclusion regarding his likelihood of future persecution[1] and whether the feared persecution was based

---

[1] The IJ also concluded that Mancia did not suffer any past persecution. Mancia makes only a general argument that he has proven persecution through evidence that his siblings were extorted or harmed by gangs. To the extent this is a challenge to the IJ's finding against *past* persecution, it fails. *Tamang v. Holder*, 598 F.3d 1083, 1091–92 (9th Cir. 2010) (recognizing that although harm to an applicant's close family members is relevant to the assessment of whether the applicant suffered past persecution, it does not "substitute for harm to an applicant," particularly when the applicant "was not in the country at the time he claims to have suffered past persecution").

on a protected ground, he did not challenge the agency's dispositive decision that he failed to prove that the Salvadoran government would be unable or unwilling to protect him. *See Vitug v. Holder*, 723 F.3d 1056, 1064 (9th Cir. 2013) (explaining that an applicant for withholding of removal bears the burden of showing that he would be "persecuted on account of a protected ground by the government or an actor the government is unable or unwilling to control"). Because he failed to challenge this determination, Mancia's withholding argument fails. *Rizk v. Holder*, 629 F.3d 1083, 1091 n.3 (9th Cir. 2011).

3.      For the same reason we decline to reach the withholding claim, we decline to reach the CAT claim. Mancia makes only vague assertions of error in his opening brief. By not meaningfully challenging either of the agency's bases for denying CAT protection, Mancia waived review of the agency's CAT determination. *Id.*

**PETITION FOR REVIEW DENIED.**